UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Frederick Hunter,

    Petitioner,

v.                                                   Civil Action No. 5:11-cv-252

Andrew Pallito,

    Respondent.

# REPORT AND RECOMMENDATION
(Docs. 1, 8, 16 and 17)

Vermont inmate Frederick Hunter, proceeding *pro se*, has petitioned the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Hunter claims that his state court sentence exceeds the maximum authorized by statute; that the presiding judge committed several errors at trial; that certain trial witnesses were not credible; and that defense counsel entered altered records into evidence. Respondent moves to dismiss, arguing that Mr. Hunter has failed to exhaust his state court remedies, and that his claims are without merit.

For the reasons set forth below, I recommend that Mr. Hunter's initial and amended petitions (Docs. 1 and 16) be DENIED, that the motions to dismiss those petitions (Docs. 8 and 17) be GRANTED, and that this case be DISMISSED WITHOUT PREJUDICE.

## Factual Background

In February 2010, Mr. Hunter was convicted by a state court jury of simple assault on a police officer and resisting arrest. As a result, he is serving a sentence of six months to three years in prison. Although he was incarcerated in a Massachusetts prison facility when he initiated this action, he is presently housed at the Northern State Correctional Facility in Newport, Vermont.

The incident underlying Mr. Hunter's convictions, as summarized by the Vermont Supreme Court, occurred at a motel in Shelburne, Vermont. *See State v. Hunter*, No. 2010-159, slip op. at 1-2 (Vt. Jan. 2011) (unpublished Entry Order). Police officers were dispatched to the motel at approximately 8 a.m. on the morning of February 4, 2009, in response to an alleged assault. When they arrived, motel employees reported that Mr. Hunter had assaulted the motel clerk. The officers proceeded to Mr. Hunter's room and announced themselves, but he refused to open the door. They could hear him yelling inside the room, and announced themselves a second time, but Mr. Hunter continued to yell in a threatening manner. The officers then decided to take Mr. Hunter into custody. *Id.* at 1.

A third officer arrived with a pass key, and the police entered Mr. Hunter's room. They directed him to get on the floor, but he refused. The Vermont Supreme Court described the ensuing events, based upon the trial testimony, as follows:

> Officer Beurelein [sic] repeatedly stated that he would use a taser if defendant did not comply. Defendant continued to defy the officer's command and he instead turned toward a bag on the motel bed that contained his personal belongings. Out of concern for officer safety,

> Officer Beuerlein used his taser, causing defendant to sit back on one of the motel beds.
>
> Defendant nonetheless continued to ignore the officers' requests to go to the floor. The officers then attempted to force defendant to the floor, but he continued to resist and at one point, grabbed a chair. Eventually, the officers were able to handcuff defendant. They took defendant to the police cruiser, where defendant continued to resist and threaten the officers. At one point, he tried to bite one of the officers. When defendant was halfway in the cruiser, he drew back and kicked Officer Casco in the chest, leaving a footprint and causing the officer pain. After the officer got defendant into the cruiser, he continued to kick at the windows and dividers in the car and he was placed in leg shackles.

*Id.* at 1-2.

A jury subsequently found Mr. Hunter guilty on one count of resisting arrest and one count of simple assault. He appealed his convictions. On appeal, his sole argument to the Vermont Supreme Court, as stated in the "Statement of the Issues" section of his appellate brief, was that "[t]he weight of the evidence does not support the convictions requiring reversal." (Doc. 8-5 at 3.)

The Vermont Supreme Court affirmed the convictions, concluding that "there is ample evidence to support defendant's convictions on both counts." *Hunter*, No. 2010-159, slip op. at 2. The court found that with respect to the assault charge, inconsistencies between the testimony of the police officers and Mr. Hunter's testimony "do[] not demonstrate that the weight of the evidence preponderates against the verdict," and that the record "overwhelmingly support[ed] the jury's conclusion that defendant recklessly caused bodily injury to Officer Casco." *Id.* As to the charge of resisting arrest, the court concluded that "[t]he record is also replete with testimony about defendant's defiant,

3

resistant, and aggressive behavior in the face of the officers' lawful attempt to arrest him." *Id*.

Mr. Hunter subsequently filed a petition for habeas corpus relief in state court. His petition set forth two claims: (1) that the Department of Corrections wrongfully held him beyond his minimum sentence, and (2) that his sentence on the assault charge exceeded the statutory maximum. (Doc. 17-1 at 1.) Judge Geoffrey Crawford dismissed the petition without prejudice, finding that Mr. Hunter had failed to exhaust his administrative grievance remedies. (*Id*. at 2.) He also found that Mr. Hunter's sentence did not exceed the maximum allowed by statute. As Judge Crawford explained in his written decision, "Mr. Hunter has interpreted the statute to provide a one-year maximum sentence for his offense. Actually, the one-year penalty is in addition to the one-year maximum provided for simple assault under 13 V.S.A. § 1023." (*Id*.)

Judge Crawford issued his opinion on October 27, 2011. On November 18, 2011, Mr. Hunter submitted a notice of appeal. (Doc. 17-2.) There is no indication in the record that the appeal has been heard by the Vermont Supreme Court.

## Procedural Background

On September 12, 2011, Mr. Hunter filed his federal habeas corpus petition in the United States District Court for the District of Massachusetts. (Doc. 1.) That court granted Mr. Hunter's motion to proceed *in forma pauperis*, and issued an order requiring Respondent to file an answer or other appropriate responsive pleading. Respondent filed a timely motion to dismiss, arguing that Mr. Hunter had failed to exhaust his state court remedies, and that his claims lack substantive merit. (Doc. 8.) In the alternative,

Respondent sought a transfer of venue to this District. Magistrate Judge Kenneth Neiman granted the transfer of venue (Doc. 12), and the case was docketed in this court.

Mr. Hunter's initial petition claimed that his sentence exceeded the maximum allowed by statute, and that his "appointed attorneys" were, and continue to be, ineffective. (Doc. 1.) On November 22, 2011, he filed an amended petition, reiterating the unlawful sentence claim and setting forth three additional claims. (Doc. 16.) Those claims include: (1) that the trial judge committed various errors, including "cutting off" defense counsel, allowing hearsay evidence, and permitting an acquaintance of Mr. Hunter's to sit on the jury; (2) that certain evidence, such as testimony from "known drug users" and "manufactured" evidence from the police, was not credible; and (3) that defense counsel offered "false evidence" in the form of altered trial transcripts. (Doc. 16-2 at 7-9.) Construing Mr. Hunter's claims liberally, the court assumes that the amended petition supplements, rather than supersedes, his original petition. *See, e.g., McPherson v. Greiner*, 2003 WL 22405449, at *12 (S.D.N.Y. Oct. 22, 2003).

Respondents' original motion to dismiss, filed in the District of Massachusetts, remains pending, as Magistrate Judge Neiman granted only the request for a transfer of venue. (Doc. 8.) Respondent has also moved to dismiss the amended petition. (Doc. 17.) Mr. Hunter opposes both motions. (Docs. 15 and 18.)

## Discussion

The Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2254, provides that a prisoner must exhaust his available state remedies before a federal court may consider his habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A);

*Georgison v. Donelli*, 588 F.3d 145 (2d Cir. 2009). To exhaust his state court remedies, "a petitioner must present the substance of the same federal constitutional claims that he now urges upon the federal court to the highest court in the pertinent state." *Aparicio v. Artuz*, 269 F.3d 78, 89-90 (2d Cir. 2001) (quotation marks and citations omitted). The exhaustion requirement is based upon "interests of comity and federalism [which] dictate that state courts must have the first opportunity to decide a petitioner's claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005).

A petitioner need not wait until he has sought state habeas review, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999), but a complete review of his federal claims, by means of either a direct appeal or collateral review, is a prerequisite. *See Morgan v. Bennett*, 204 F.3d 360, 369 (2d Cir. 2000) (noting that a state habeas petitioner "must first have presented his claim to the highest court of the state"). Furthermore, in the event a petitioner has not exhausted his state remedies, the federal court must decide whether his claims should be "deemed exhausted" because they are "procedurally barred under state law." *Ramirez v. Attorney General of the State of New York*, 280 F.3d 87, 94 (2d Cir. 2001). The burden of proving exhaustion lies with the petitioner. *See Lopez v. Unger*, 2010 WL 3937190, at *4 (E.D.N.Y. Sept. 30, 2010) (citing *Colon v. Johnson*, 19 F. Supp. 2d 112, 120 (S.D.N.Y. 1998)).

In this case, it is clear that Mr. Hunter has not exhausted his claims in state court. The Vermont Supreme Court was presented with a single issue on direct appeal: whether the weight of the evidence supported Mr. Hunter's convictions. As rephrased in the court's Entry Order, the question before it was whether the trial court "should have

6

granted [Mr. Hunter's] motion for new trial because his convictions are not supported by the weight of the evidence." *Hunter*, No. 2010-149, slip op. at 1.

Weight of the evidence, and the trial court's related ruling on the motion for a new trial, are not among the issues raised in Mr. Hunter's federal habeas corpus petitions. Instead, as discussed above, his claims pertain to the length of his sentence; the effectiveness of defense counsel; the reliability of certain evidence; and allegations of erroneous rulings in the course of trial. The excessive sentence claim was reportedly raised in a state habeas corpus petition, and Judge Crawford's ruling on that petition is currently on appeal. As it has not been reviewed by the Vermont Supreme Court, that issue, like each of the others raised in Mr. Hunter's federal petitions, remains unexhausted.

Even if this court were to liberally construe Mr. Hunter's current allegations as an extension, or a more specific presentation, of his weight of evidence claim, weight of evidence is a matter of state law, and is thus not cognizable on federal habeas review. *See Maldonado v. Scully*, 86 F.3d 32, 35 (2d Cir. 1996) ("assessments of the weight of the evidence . . . are for the jury and not grounds for reversal" on habeas corpus review); *see also McKinnon v. Superintendent, Great Meadow Corr. Facility*, 2009 WL 3863354, at *4 (2d Cir. Nov. 19, 2009) (summary order); *Correa v. Duncan*, 172 F. Supp. 2d 378, 381 (E.D.N.Y. 2001); *see also* 28 U.S.C. § 2254(a) (permitting federal habeas corpus review only where the petitioner has alleged a violation of "the Constitution or a federal law or treaty"). Accordingly, this court would have no jurisdiction to review that issue.

Respondent does not argue that Mr. Hunter's claims are procedurally barred, and there is no indication in the record to suggest that his claims could not still be raised in the state courts. Indeed, some of his current claims were raised in a state collateral proceeding, and are currently on appeal. Accordingly, the court should not "deem" his claims exhausted, and should not deny relief on that basis. *Ramirez*, 280 F.3d at 94. Instead, I recommend that Mr. Hunter's petitions be DISMISSED WITHOUT PREJUDICE because he has not yet exhausted his state court remedies.[1]

### Conclusion

For the reasons set forth above, I recommend that Respondent's motions to dismiss (Docs. 8 and 17) be GRANTED, Mr. Hunter's petitions for a writ of habeas corpus (Docs. 1 and 16) be DENIED, and this case be DISMISSED WITHOUT PREJUDICE.

Dated at Burlington, in the District of Vermont, this 29th day of February, 2012.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), 6(a), 6(d); L.R. 72(c). Failure to timely file such objections operates as a waiver of the right to appellate review of the District Court's adoption of such Report and Recommendation. *See* Fed. R. Civ. P. 72(a); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

---

[1] A petition dismissed for failure to exhaust state court remedies does not count for the purpose of determining whether a future petition is second or successive. *See Camarano v. Irvin*, 98 F.3d 44, 46 (2d Cir. 1996) (no "second or successive" petition within the meaning of 28 U.S.C. § 2244 where earlier petition dismissed without prejudice for failing to exhaust state remedies). However, any new petition must be filed within the one year period of limitations. *See* 28 U.S.C. § 2244(d)(1).