UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

FREDERICK HUNTER, )
)
Plaintiff, )
)
v. ) Case No. 5:11-cv-252
)
ANDREW PALLITO, )
Commissioner, Vermont )
Department of Corrections, )
)
Defendant. )

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Docs. 19 & 20)

This matter came before the court for a review of the Magistrate Judge's February 29, 2012 Report and Recommendation ("R & R") in the above-captioned matter (Doc. 19). Plaintiff filed an "Answer" to the R & R on March 13, 2012 (Doc. 20). Plaintiff, Frederick Hunter, is representing himself. Defendant, Andrew Pallito, Commissioner of the Vermont Department of Corrections, is represented by Robert M. LaRose, Esq.

### I.    Plaintiff's Objection to the R & R.

In his Answer, Plaintiff argues that the Magistrate Judge "is in error" based upon a February 3, 2012 entry order from the Vermont Supreme Court dismissing the appeal in *Frederick Hunter v. Andrew A. Pallito, Commissioner, Department of Corrections*, Docket No. S0714-11 CnC, for noncompliance with the court's Order dated 12/29/2011. In further support of the claimed error, Plaintiff attaches a Stipulation of Dismissal in *In re Frederick Hunter*, Chittenden Superior Court Civil Division, Docket No. S1157-09 CnC which provides in relevant part that Plaintiff "can make out a prima facie case for ineffective assistance [of] counsel" due to his trial counsel's failure to ask for bail to be

imposed across all of Plaintiff's dockets. According to the Stipulation, Plaintiff was awarded credit for certain pre-trial detention. Plaintiff does not further explain how either document supports his claim for habeas corpus relief or his request for "money damages for this unlawful restraint, and loss of gold rings and other property." (Doc. 20). Plaintiff requests a phone hearing to "clear all these false claims of the Respondent." *Id.*

## II. Standard of Review.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (1974).

## III. The R & R's Conclusions and Recommendations.

In his eight page R & R, the Magistrate Judge carefully reviewed the factual record and recommended that Plaintiff's initial and amended petitions be denied (Docs. 1 & 16), that Defendant's motions to dismiss those petitions (Docs. 8 & 17) be granted, and the case be dismissed without prejudice.

The Magistrate Judge characterized Plaintiff's habeas corpus petition as one based upon the following claims: (1) Plaintiff's state court sentence exceeds the maximum sentence authorized by statute; (2) the presiding judge committed errors at trial; (3) certain trial witnesses were not credible; and (4) defense counsel entered altered records into evidence. Plaintiff does not dispute this characterization. He also does not appear to

dispute the Magistrate Judge's recitation of the relevant record. He does not identify the error he seeks this court to address other than to note that the Stipulation of Dismissal confirms his claim of ineffective assistance of counsel. However, Plaintiff's claims of ineffective assistance of counsel here are based upon his trial counsel's alleged use of false evidence whereas the Stipulation of Dismissal addresses a failure to request that bail be imposed across all Plaintiff's dockets. Accordingly, although the Stipulation of Dismissal supports a conclusion that Plaintiff received ineffective assistance of counsel, it does not address the ineffective assistance of counsel Plaintiff raises in his petitions.

Because of the nature of the documents submitted by Plaintiff to the court, the court surmises that Plaintiff is challenging the R & R's conclusion that he failed to exhaust his state court remedies. In order to exhaust his state court remedies, Plaintiff was required to "present the substance of the same federal constitutional claims that he now urges upon the federal courts to the highest court in the pertinent state." *Aparicio v. Artuz*, 269 F.3d 78, 89-90 (2d Cir. 2001) (internal quotation marks and citations omitted). A dismissal of Plaintiff's appeal for procedural noncompliance is not a full review of his constitutional claims by the state's highest court, instead, it is a procedural bar to Plaintiff's claims based upon an independent and adequate state ground. *See Ward v. Hofmann*, 2008 WL 2186353, at *3 (D. Vt. May 23, 2008) (concluding that dismissal of petitioner's appeal by Vermont Supreme Court based upon petitioner's failure to file a timely brief was an "independent and adequate state ground that prevents federal habeas review."). As a result, this court may reach the merits of Plaintiff's petition only if he can demonstrate either cause and actual prejudice, or that he is actually innocent. *St. Helen v. Senkowski*, 374 F.3d 181, 183 (2d Cir. 2004) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

A petitioner may establish cause by showing that the factual or legal basis for his claim was not reasonably available or that some interference by officials made compliance impracticable. *See Coleman v. Thompson*, 501 U.S. 722, 733 (1991). To satisfy the actual prejudice requirement, Plaintiff must show the alleged error worked to

3

his "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Torres v. Senkowski*, 316 F.3d 147, 152 (2d Cir. 2003) (internal quotation marks omitted). In this case, neither Plaintiff's petition nor his Answer to the R & R explain how he has satisfied the foregoing conditions for habeas corpus review. Accordingly, such review must be denied.

IV. **Conclusion.**

For the foregoing reasons, the court hereby ADOPTS the R & R as part of this Opinion and Order. The court DENIES Plaintiff's initial and amended petitions (Docs. 1 & 16) and GRANTS Defendant's motions to dismiss those petitions. (Docs. 8 & 17) and hereby ORDERS that this case be DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 30th day of March, 2012.

Christina Reiss, Chief Judge
United States District Court